# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ALSBRIDGE, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIV. ACTION NO. 4:20-cv-00844 |
| AMERICAN HOTEL REGISTER COMPANY, | § § § § | |
| *Defendant.* | § § § § § | |
| AMERICAN HOTEL REGISTER COMPANY, | § § § § | |
| *Third-Party Plaintiff,* | § § § | |
| v. | § § | |
| AUTOMATION ANYWHERE, INC., | § § § | |
| *Third-Party Defendant.* | § § § | |

## DEFENDANT AMERICAN HOTEL REGISTER COMPANY'S
## COUNTER-CLAIMS AND THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff American Hotel Register Company ("AHRC"), by and through its undersigned attorneys, hereby sets forth its Counterclaims against Plaintiff Alsbridge, Inc. ("Alsbridge") and its Original Third-Party Complaint against Third-Party Defendant Automation Anywhere, Inc. ("AAI"), and, in support thereof, alleges as follows:

## PARTIES

1. Alsbridge is a company organized and existing under the laws of the State of Texas. Alsbridge is registered to, and does, conduct business in the State of Texas, with its principal place of business in the Woodlands, Texas. Alsbridge was acquired in 2016 by Information Services Group, Inc. ("ISG"), which is a public company that trades on the NASDQ under the symbol III.

2. AHRC is an Illinois corporation with its principal place of business in the State of Illinois.

3. AAI is a California corporation with its principal place of business located at 633 River Oaks Parkway, San Jose, CA 95134.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and is between citizens of different states.

5. This Court has supplemental jurisdiction over the third-party claims contained herein and brought pursuant to FED. R. CIV. P. 14, in accordance with 28 U.S.C. § 1367, because the third-party claims are so related to the claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

## STATEMENT OF FACTS

**A. Alsbridge Misrepresented to AHRC that it Could Not Buy AAI's Robotic Process Automation Software Directly from AAI.**

6. AHRC is the largest supplier of hospitality supplies in the United States, providing supplies to government entities, hospitals, universities, and hotels. With roots dating as far back as the Civil War, AHRC has transformed with the times to meet the needs of its clients. AHRC maintains eight distribution centers in the United States, each strategically placed to provide timely

and efficient distribution of supplies to meet the unique needs of its clients (the "Distribution Centers").

7. With the goal of increasing efficiency and productivity (including at its Distribution Centers), AHRC consulted with Alsbridge regarding the various options available to acquire robotic process automation ("RPA") software, hardware, and support services.

8. In or about May 2018, Alsbridge recommended certain of AAI's RPA software (the "RPA Software") to AHRC.

9. In or about May 2018, Alsbridge salespeople falsely informed AHRC that AAI does not sell subscription licenses for its RPA Software directly to end-users, such as AHRC (the "Fraudulent Representation").

10. Alsbridge's Fraudulent Representation was made for the purpose of inducing AHRC to purchase the RPA Software and support services from Alsbridge, as opposed to cutting out the middleman and purchasing the RPA Software and support services directly from AAI for less money than Alsbridge was charging.

11. In reliance on the Fraudulent Representation, AHRC agreed to purchase licenses for the RPA Software, services, and support from Alsbridge (hereinafter the "RPA Agreement").

**B.     AAI Promised to Protect AHRC from Claims Under the RPA Agreement.**

12. In or about early 2019, AAI contacted AHRC to ask if it was satisfied with the performance of the RPA Software. AHRC told AAI that the RPA Software performed well, but AHRC was unhappy with Alsbridge's services and support for the software.

13. In response, AAI suggested that it license its RPA Software directly AHRC, because AAI licenses its RPA Software directly to end-users.

14. This raised the issue of what AHRC would do about its relationship with Alsbridge. AAI proposed, and AHRC agreed to, a solution to the problem. This promise was memorialized,

in part, through email correspondence in June 2019 between Roberta Cadieux, AHRC's Chief Information Officer, and Jim Wright, AAI's Senior Sales Executive.

15. Mr. Wright stated that AAI "will sell you [AHRC] the licenses directly…and we [AAI] will deal with ISG [Alsbridge's parent company] on our end." In a later email, Mr. Wright clarified that AAI would deal with Alsbridge by "releasing" the "obligations for the American Hotel license agreement."

16. AHRC agreed to AAI's promised solution. Yet AAI never resolved the obligations due under the RPA Agreement, as evidenced by the fact that Alsbridge filed this lawsuit.

### First Counterclaim Against Alsbridge
### Fraud

17. AHRC incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. One or more employees of Alsbridge made the Fraudulent Representation to AHRC. Upon information and belief, AHRC contends the Fraudulent Representation was made by Rich Baldwin, Cormac Stover, or someone working on AHRC's automation project with those two Alsbridge employees.

19. Contrary to the Fraudulent Representation, AAI does license its RPA Software directly to end-users.

20. The Fraudulent Representation was material.

21. Upon information and belief, Alsbridge either knew that the Fraudulent Representation was false or recklessly made the Fraudulent Representation without knowledge of its truth.

22. AHRC relied on the Fraudulent Representation to its detriment and entered into the RPA Agreement.

23. AHRC was damaged in the amount equal to the difference between the price of licensing the RPA Software directly from AAI and the price of licensing the RPA Software from Alsbridge. Upon information and belief, this amount equals approximately $20,000 to $50,000 per year.

24. AHRC was further damaged by the amounts paid to or sought by Alsbridge in its invoices, as AHRC would not have paid or incurred these charges but for the Fraudulent Representation.

## First Cause of Action Against AAI
## Promissory Estoppel

25. AHRC incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. AAI promised AHRC that it would "deal with" Alsbridge by resolving the "obligations" under AHRC's agreements with Alsbridge.

27. It was reasonably foreseeable by AAI that AHRC would rely on this promise.

28. AAI failed to perform its obligations under the promise.

29. As a result of AAI's failure to perform the promise, AHRC was damaged in the amount equal to all damages sought by Alsbridge against AHRC in this lawsuit.

**WHEREFORE**, Plaintiff requests that this Court enter judgment as follows:

(a) Denying any and all relief sought by Alsbridge against AHRC;

(b) Awarding monetary damages (including, without limitation, all actual damages, prejudgment interest, post-judgment interest, attorneys' fees, and costs) to AHRC as a result of Alsbridge's fraud;

(c) Awarding monetary damages (including, without limitation, all actual damages, prejudgment interest, post-judgment interest, attorneys' fees, and costs) to AHRC as a result of AAI's breach of its promise to AHRC; and

(d) Any and all other amounts to which AHRC may show itself entitled, whether at law or in equity.

This 17th day of July 2020.

Respectfully submitted,

*/s/ Andrew B. Ryan*
Andrew B. Ryan
State Bar Card No. 24054464
Ryan Law Partners LLP
3811 Turtle Creek Boulevard, Suite 780
Dallas, Texas 75219
T: (214) 347-7377
F: (888) 594-6240
E-mail: andy@ryanlawpartners.com

*Attorneys for American Hotel Register Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, a true and correct copy of the foregoing document was served on counsel for all parties by electronic mail and/or electronic service via ECF.

*/s/ Andrew B. Ryan*
Andrew B. Ryan